Edwin Dean SEIDMAN, on behalf of himself, and a class of all persons similarly situated, Plaintiff/Appellant,

v.

CITY OF BEVERLY HILLS and Tom John Automotive, Inc., Defendants/Appellees.

No. 85–6273.

United States Court of Appeals, Ninth Circuit.

April 3, 1986.

As Amended April 25, 1986.

William Goichman, Los Angeles, Cal., for plaintiff/appellant.

Girard Fisher, Gene McKenzie, Jr., Hillsinger & Costanzo, Los Angeles, Cal., for defendants/appellees.

Before PREGERSON and BEEZER, Circuit Judges, and JAMESON,* District Judge.

### ORDER DISMISSING APPEAL

Edwin Dean Seidman filed an action under 42 U.S.C. § 1983 against the City of Beverly Hills and Tom John Automotive, Inc., claiming the towing and impoundment of his automobile for expired registration without notice of opportunity for a post-seizure hearing violated his right of due process under the Fourteenth Amendment. The district court denied Seidman's motion for certification of a class consisting of all persons whose vehicles had been impounded in the previous three years without receiving notice of opportunity for a hearing.

Subsequently, Seidman settled his individual claims with the defendants, reserv-

_____
* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

ing the right to appeal "any of the adverse rulings made against him at trial." The matter had never gone to trial. Seidman and the defendants also stipulated to a dismissal of the action with prejudice, with the exception of Seidman's claim for attorneys' fees. After the district court awarded attorneys' fees to Seidman, judgment was entered for dismissal with prejudice.

Seidman now seeks to appeal the district court's denial of his motion to certify the action as a class action. We dismiss the appeal for lack of jurisdiction.

 A plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him.[1] *See Bowers v. St. Louis Southwestern Railway Co.*, 668 F.2d 369, 369 (8th Cir. 1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976); 5 J. Moore, J. Lucas & J. Wickes *Moore's Federal Practice* ¶ 41.05[3], at 41–68 to 41–69 (2d ed. 1985). Having agreed to dismiss this action with prejudice, Seidman deprived this court of jurisdiction to consider his appeal.

 Although it is true that the denial of class certification is ordinarily not appealable until after a final judgment is entered, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469–70, 98 S.Ct. 2454, 2458–59, 57 L.Ed.2d 351 (1978), an appealable final judgment must still be adverse to the plaintiff. It cannot be the product of a voluntary stipulation.[2]

The stipulation in the instant case was not merely to dismiss Seidman's individual claims, but rather "to dismiss with prejudice the *action*" itself. Had the stipula-

tion narrowly provided for dismissal of Seidman's individual claims, and then had the district court, having earlier denied class certification, entered an adverse judgment dismissing the entire action, an entirely different scenario would be before us. The issue then would be whether the action should be regarded as moot by virtue of the individual settlement.

 We need not reach the question of whether a named plaintiff who settles all his individual claims after denial of class certification may appeal the adverse certification order. It is sufficient to note in this case that Seidman deprived this or any other court of jurisdiction over this action by stipulating to a voluntary dismissal with prejudice.[3]

APPEAL DISMISSED.

---

1. We intimate no views on whether a plaintiff may appeal a trial court's imposition of terms or conditions to the grant of a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).

2. Our decision in *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982), *rev'd on other grounds on remand*, 713 F.2d 503 (9th Cir.1984), *amended on remand*, 726 F.2d 1366 (9th Cir.1984), is not to the contrary. In *Jordan*, we held that a plaintiff, whose individual claims for damages had been settled, could maintain an appeal of the trial court's denial of class certification where an attempt by members of the putative class to intervene clearly demonstrated the ex-

istence of a live controversy, and where the settlement agreement had not resolved the plaintiff's claim for injunctive relief so that he still had a personal stake in the outcome of the litigation. *Id.* at 1316–17. Although a final judgment was entered in the trial court, there is no indication in that decision that the parties had stipulated to a voluntary dismissal of the action.

3. Our dismissal of this appeal is without prejudice to Seidman's seeking relief before the district court from the judgment of voluntary dismissal with prejudice for reasons of "mistake, inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).