**PLASTERERS LOCAL UNION NO. 346, Plaintiff-Appellee,**

v.

**WYLAND ENTERPRISES INC.; Dick Peck, d/b/a Coast Plastering, aka Coast Plastering, Inc., Defendants-Appellants.**

**No. 86–6482.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1987.

Decided June 4, 1987.

Gary F. Overstreet, Los Angeles, Cal. and Reed E. Schaper, Los Angeles, Cal., for defendants-appellants.

Fern M. Steiner, San Diego, Cal., for plaintiff-appellee.

Before PREGERSON, NELSON and WIGGINS, Circuit Judges.

PREGERSON, Circuit Judge:

The plaintiff, Plasterers Local Union No. 346 ("the Union"), brought an action for specific performance of the arbitration provisions of its collective bargaining agreement with the defendants, Wyland Enterprises, Inc. ("Wyland") and Coast Plastering, Inc. Wyland moved to disqualify the Union's attorneys for a conflict of interest. The motion was denied. The parties settled and the district court entered judgment pursuant to the parties' stipulation compelling arbitration. Wyland appeals the denial of its motion to disqualify.

Wyland contends that a stipulated judgment is appealable when the stipulation is merely a means of gaining appellate review of an interlocutory order. This does not appear to be the law of this circuit. In *Seidman v. City of Beverly Hills*, 785 F.2d 1447 (9th Cir.1986) (order), the plaintiff stipulated to dismissal of his action after the district court denied his motion for certification of a class. The plaintiff appealed the judgment seeking review of the order denying class certification. This court dismissed the appeal, holding that the plaintiff "deprived this or any other court of jurisdiction over this action by stipulating to a voluntary dismissal with prejudice." *Id.* at 1448.

Wyland, however, contends that *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) compels a contrary holding. In *Proctor & Gamble* the United States was using a grand jury transcript to prepare for an antitrust trial. The district court, over opposition by the United States, granted the defendants' motion for discovery of the transcript. The United States moved to have the court's order compelling production of the transcript amended to provide that the case would be dismissed if the government failed to produce the transcript in 30 days. The district court amended its order, the United States refused to produce the transcript, the action was dismissed, and the United States appealed. The Supreme Court held the dismissal to be appealable. The Court stated that "[w]hen the Government proposed dismissal for failure to obey, it had lost on the merits and was only seeking an expeditious review." *Id.* at 680–81, 78 S.Ct. at 985.

*Procter & Gamble* does not dictate appealability in the present case. The order over which review was sought in *Procter & Gamble* was an order compelling the government to produce documents. The government was forced to comply under the threat of contempt. The holding in *Procter & Gamble* applies only if "the only other route of appeal is a contempt judgment, and by taking a dismissal and appealing, the appellant avoids unseemly conflict with the District Court over the contempt issue." 2 *Federal Procedure, Lawyers Edition* § 3:315 (1981). Because the present case did not present the appellant

with the prospect of contempt, *Procter & Gamble* does not apply.

Furthermore, the instant case is not controlled by *Procter & Gamble* because Wyland did not settle merely to gain review. The Union brought the lawsuit solely to compel arbitration, and Wyland, as it stated in its reply brief, agreed that arbitration was proper. Because both sides agreed that arbitration was proper, there was no controversy, and settlement was not technical.

Because generally a party may not gain review of a stipulated judgment, and because the present case does not fall within the exception carved out by *Procter & Gamble*, the judgment below is not appealable.

APPEAL DISMISSED.