990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor L. REED, Plaintiff-Appellant,
v.
The COUNTY OF SAN DIEGO; Does 1-10, Defendants-Appellees.
 No. 90-55369.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor L. Reed, a former employee of the County of San Diego (County), appeals pro se the district court's dismissal of his action alleging, amongst other claims, a Title VII, 42 U.S.C. § 2000e et seq., employment discrimination claim against the County. The district court dismissed the Title VII claim without prejudice because Reed failed to comply with the court's orders that he prepare for and proceed with trial. Reed also challenges the district court's partial summary judgment for the County pursuant to stipulation on Reed's non-Title VII claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Title VII Claim
 
 
 4
 Reed contends that the district court erred by dismissing his Title VII claim for failure to prepare for and proceed with trial because Reed was given insufficient time to locate, hire, and prepare a new attorney to take over his case. This contention lacks merit.
 
 
 5
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); see Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Thus, we construe the district court's dismissal in this instance as a dismissal under Fed.R.Civ.P. 41(b). See Fed.R.Civ.P. 41(b). We review a dismissal under Rule 41(b) for abuse of discretion. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 6
 A dismissal under Rule 41(b) will not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quotation omitted). Relevant factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). The district court need not make specific findings to show that it considered these factors. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). If no such findings are present, however, we will review the record independently to determine whether the district court abused its discretion. Id. Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Malone, 833 F.2d at 130.
 
 
 7
 Here, the district court set trial on Reed's Title VII claim against the County for August 22, 1989. On August 21, 1989, Reed's then counsel of record informed the court that Reed intended to obtain new counsel and to request a continuance until the new attorney could be substituted. On August 22, 1989, Reed informed the court that he had retained new counsel and requested a 90-day continuance for trial. The district court granted the continuance over the County's objections and set trial for November 14, 1989. The court warned Reed that trial would be held on that date even if Reed was unrepresented and had to try the case himself. The court also scheduled a status conference for November 6, 1989.
 
 
 8
 On the morning of November 6, 1989, counsel for the County appeared but neither Reed nor his counsel appeared for the status conference. The court continued the matter until the afternoon, at which time Reed appeared after being contacted by counsel for the County. Reed requested another continuance to obtain counsel. The court denied the request, noting that it had warned Reed on August 22, 1989 that no further continuances would be granted and that Reed acknowledged the warning at that time.
 
 
 9
 On November 14, 1989, the day of trial, Reed appeared on his own behalf and informed the court that he was not prepared to proceed. The court stated that it would not grant any further continuances because Reed had ample opportunity to obtain counsel. The court then gave Reed the option to proceed with trial representing himself or to suffer dismissal without prejudice. Reed stated that he would not proceed, and the district court dismissed the action without prejudice. The court noted that the County and the court were fully prepared to proceed with trial on both August 22, 1989 and November 14, 1989, and that Reed was warned and had acknowledged that only one 90-day continuance would be granted.
 
 
 10
 The record thus shows that Reed was given ample opportunity to obtain counsel and prepare his case, and was expressly warned that he would be given only one 90-day continuance to prepare for trial. Therefore, we cannot say that the district court abused its discretion by dismissing Reed's Title VII claim without prejudice pursuant to Rule 41(b). See Carey, 856 F.2d at 1440-41.
 
 II
 Non-Title VII Claims
 
 11
 Reed contends that the district court erred by granting partial summary judgment on Reed's non-Title VII claims pursuant to a stipulation entered into between Reed and the County. Reed claims that the stipulation was entered into without his knowledge or consent.
 
 
 12
 "A plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him." Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986).
 
 
 13
 In the stipulation, which was signed by Reed's then counsel, Reed acknowledged that he had not filed an opposition to the County's summary judgment motion, that the motion was "well taken," and that partial summary judgment in favor of the County as to all of Reed's non-Title VII claims was appropriate. By stipulating to a voluntary dismissal of his non-Title VII claims with prejudice, Reed deprived this court of jurisdiction to consider his appeal as to those claims. See id.
 
 III
 Discovery
 
 14
 Reed contends that the district court erred by denying his requests to reopen discovery. This contention lacks merit.
 
 
 15
 Reed made his first request to reopen discovery on August 22, 1989, the first scheduled date for trial. Reed renewed this request on November 6, 1989, one week prior to the new trial date of November 14, 1989. The district court denied both requests, noting that a pretrial order had already been filed in the case.
 
 
 16
 Reed filed his action on May 4, 1988. At Reed's request the parties stipulated to a discovery deadline of April 28, 1989 as to all except certain discovery not at issue in this appeal. Thus, Reed had almost twelve months to conduct any necessary discovery. Furthermore, following both requests to reopen discovery, Reed was unable to articulate any reason warranting reopening. See West Coast Theater Corp., 897 F.2d at 1524. Accordingly, the district court did not err by denying Reed's requests to reopen discovery. See id.
 
 IV
 Bias
 
 17
 Reed contends that the district judge "appeared biased against [Reed] and toward the defendant in his decisions and treatment and may have mistaken my case for another when he referred to telling [Reed] he had promised to 'cut his wrists' before giving [Reed] another continuance." This contention lacks merit.
 
 
 18
 Under 28 U.S.C. § 144, a party claiming bias or prejudice must state the facts and reasons for the belief that bias or prejudice exists. Moreover, to state a case for recusal, a party must allege bias or prejudice stemming from an extrajudicial source. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990).
 
 
 19
 Reed failed to show how the district judge's statement demonstrated impartiality. Reed alleged no other facts to support his claim of impartiality, nor did he point to an extrajudicial source of bias. Thus, we find no basis for Reed's claim of bias. See 28 U.S.C. § 144; Hernandez-Escarsega, 886 F.2d at 1581.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3