993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nolan Edward KLEIN, Petitioner-Appellant,
v.
Shermann BOXX; County of Washoe; Daniel Bogden,
Defendants-Appellees.
 Nos. 91-16872, 92-15538.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nolan Klein appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action against the City of Sparks ("City"), individual city employees and employees of Washoe County ("County").[1] Klein alleged constitutional violations arising from the towing of his motor vehicle at the time of his arrest for sexual assault. Klein also seeks review of the district court's denial of his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).[2] We dismiss in part and affirm in part Klein's appeal from the district court's dismissal of his section 1983 action. We dismiss Klein's appeal from the district court's denial of his Rule 60(b) motion for lack of jurisdiction.
 
 
 3
 * District Court Judgment[3]
 
 
 4
 A. Claims against the City and City employees
 
 
 5
 On December 20, 1991, the district court entered judgment dismissing with prejudice Klein's action against the City and City employees pursuant to a stipulation between Klein and the City defendants.
 
 
 6
 Generally, a plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him. See Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986); accord Plasterers Local Union No. 346 v. Wyland Enters. Inc., 819 F.2d 217, 219 (9th Cir.1987) ("[G]enerally a party may not gain review of a stipulated judgment."). Accordingly, a plaintiff's agreement to dismiss his action with prejudice deprives this court of jurisdiction to consider his appeal. Seidman, 785 F.2d at 1448.
 
 
 7
 Here, Klein entered into an agreement to discharge the City and its employees from all liability in connection with the towing of his car and to dismiss the action with prejudice. Accordingly, because Klein agreed to dismiss his action with prejudice, this court lacks jurisdiction to review the district court's dismissal of Klein's action against the City defendants. See id.
 
 B. County Defendants
 
 8
 Klein contends that Daniel Bogden, the deputy district attorney for Washoe County, violated his civil rights by advising City officers to impound Klein's vehicle.[4] The district court dismissed Klein's claim against Bogden on May 31, 1991 on the basis that Klein had failed to show any type of personal involvement that would subject Bogden to liability.
 
 
 9
 The prosecutor, in initiating and presenting the state's case, is immune from civil suits for money damages under section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity attaches to prosecutorial conduct intimately associated with the judicial phase of the criminal process. Id. at 430. Investigative functions carried out in the preparation of a prosecutor's case similarly enjoy absolute immunity. Schlegel v. Bebout, 841 F.2d 937, 944 (9th Cir.1988).
 
 
 10
 Here, it appears that Bogden was acting in the capacity of an on-call deputy district attorney when he advised the City police officers to impound Klein's vehicle. Accordingly, because Bogden was entitled to absolute immunity for his acts, the district court properly dismissed Klein's claims against him. See id.
 
 C. Costs
 
 11
 Klein contends that the district court erred in denying his motion for costs brought in relation to his motion to compel discovery. This contention lacks merit.
 
 
 12
 The district court's denial of costs is reviewed for an abuse of discretion. Johnson v. Pacific Lighting Land Co., 878 F.2d 297, 298 (9th Cir.), cert. denied, 493 U.S. 963 (1989). Here, Klein asserts that because he prevailed on his motion to compel, the district court should have awarded him costs under Fed.R.Civ.P. 37.
 
 
 13
 The record reveals that on April 4, 1991, Klein filed a motion to renew a previous motion to compel discovery. On May 31, in a minute order, the district court granted Klein's motion to renew and gave defendants until June 15, 1991, to respond to discovery requests. On June 19, 1991, the district court denied Klein's subsequent motion to compel discovery finding the motion moot in light of its previous extension. On July 19, 1991 the district court denied Klein's motion for costs under Rule 37.
 
 
 14
 Although the district court's minute order of May 31, 1991 is ambiguous, under the circumstances, it does not appear that the court granted Klein's motion to compel. Rather, the district court's order of May 31, 1991 allowed Klein to renew an earlier motion to compel discovery and also granted defendants an extension to submit their response. Moreover, even had the district court granted Klein's motion to compel, we find no abuse of discretion in its denial of Klein's motion for costs. Rule 37 directs the award of "reasonable expenses" in connection with obtaining a motion to compel. See Rule 37(a)(4). Here, Klein claimed $615 for copies of four separate motions to compel, only one of which arguably was granted. He also sought reimbursement for a ream of pleading paper, eight typewriter ribbons, a new typewriter wheel, and office supplies. Given the circumstances, the district court did not abuse its discretion by denying Klein's motion for costs under Rule 37(a)(4). See Johnson, 878 F.2d at 298.
 
 II
 Rule 60(b) Motion
 
 15
 Klein contends that the district court erred by denying his Rule 60(b) motion. Klein filed the motion several months after filing his notice of appeal from the underlying judgment. We dismiss Klein's appeal from the denial of his Rule 60(b) motion for lack of jurisdiction.
 
 
 16
 Generally, the filing of a notice of appeal divests the district court of jurisdiction to consider a post-judgment motion. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Thus, "where the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986). The proper procedure, once an appeal has been taken, is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Scott, 739 F.2d at 1466 (quotations omitted). "If that route is not taken, an appeal of the denial of the motion to vacate is subject to dismissal." Gould, 790 F.2d at 772.
 
 
 17
 Here, because Klein failed to follow the proper procedure in seeking to have the district court rule on his Rule 60(b) motion, we lack jurisdiction to consider the appeal. See id.[5]
 
 
 18
 91-16872 DISMISSED in part, AFFIRMED in part.
 
 
 19
 91-15538 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appeal No. 92-16872
 
 
 [2]
 Appeal No. 91-15538
 
 
 [3]
 Although Klein filed his notice of appeal from the district court's order of dismissal more than one month before the district court entered judgment, we will treat the notice of appeal as timely. See Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992) (premature notice of appeal will be directed towards a subsequently entered final decision dismissing the action)
 
 
 [4]
 Klein concedes that he has waived his claim against Vincent Swinney, the Washoe County sheriff. Moreover, on appeal, he has not raised any issues regarding his claims against the County
 
 
 [5]
 We deny Klein's motion to strike portions of the Appellees' Brief