5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ralph MERTEN, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES, Defendant-Appellee.
 No. 92-56558.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-92-03732-KN(GH, David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 DISMISSED
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Merten appeals pro se the district court's dismissal with prejudice of his action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., and pendent state law claims against the City of Los Angeles (City). The government argues that, because Merten moved to voluntarily dismiss his action with prejudice, we lack jurisdiction over this appeal. We agree and dismiss the appeal.
 
 
 3
 Merten contends the district court erred by dismissing his original complaint instead of staying the lawsuit and dismissing three new ADEA claims in his amended complaint. This contention lacks merit.
 
 
 4
 "A plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him." Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986) (order); accord Plasterers Local U. No. 346 v. Wyland Enterprises, Inc., 819 F.2d 217, 218 (9th Cir.1987).
 
 
 5
 On June 23, 1992, Merten filed his original complaint alleging violations of the ADEA and pendent state claims before the statutory sixty-day period had passed from the filing of Merten's charges with the Equal Employment Opportunity Commission. On September 25, 1992, when the sixty-day statutory period had passed, Merten filed an amended complaint re-alleging his original ADEA claim and adding three new claims under the ADEA, and four new claims under 42 U.S.C. Sec. 1983. The district court dismissed the original complaint for lack of subject matter jurisdiction on October 2, 1992 and dismissed the three new ADEA claims on November 19, 1992. Nonetheless, Merten was allowed to proceed on his initial ADEA claim and was granted leave to amend his section 1983 claims.
 
 
 6
 Merten filed two notices of appeal from the two dismissal orders of the district court. On December 18, 1992, Merten filed a motion to dismiss the action "for the sole purpose of obtaining prompt appellate review." The district court granted Merten's motion to voluntarily dismiss his action with prejudice.
 
 
 7
 Because Merten moved to voluntarily dismiss the action with prejudice, we lack jurisdiction over this appeal.[1] See Seidman, 785 F.2d at 1448.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that generally the filing of a notice of appeal divests the district court of its "control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Nonetheless, where as here, the notice of appeal is from a non-appealable order, see Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978), the district court is not divested of jurisdiction and may entertain subsequent motions, see Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir.1966) (en banc), cert. denied, 386 U.S. 1011 (1967)
 We also note that our dismissal of Merten's appeal is without prejudice. He is not precluded from seeking relief from the judgment of voluntary dismissal with prejudice based upon "mistake, inadvertence, [or] surprise" before the district court. See Seidman, 785 F.2d at 1448 n. 3; see also Fed.R.Civ.P. 60(b)(1).