**Noelle WAY, Plaintiff–Appellee,**

v.

**COUNTY OF VENTURA; Robert Brooks; Karen Hanson, Defendants–Appellants.**

**No. 02–56457.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Filed Oct. 31, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan E. Wisotsky and Jeffrey Held, Law Offices of Alan E. Wisotsky, Oxnard, CA, for the defendants-appellants.

Earnest C.S. Bell, Ventura, CA, for the plaintiff-appellee.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

WALLACE, Senior Circuit Judge:

Robert Brooks, Karen Hanson, and County of Ventura (together, County) appeal from an order (Order) denying their motion for summary judgment and granting in part Noelle Way's motion for partial summary judgment. Because we lack appellate jurisdiction, we dismiss the appeal.

■ Subject to certain exceptions not relevant here, we have jurisdiction only to hear appeals from "final decisions of the district courts." 28 U.S.C. § 1291. An order is final under section 1291 "if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir.2000) (internal quotation marks and citations omitted). The Order here falls short of this standard. By inviting the County at the end of the Order to "file motions addressing whether they are entitled to qualified immunity," the district court's intention clearly was *not* that the Order "be the court's final act in the matter," but rather that the court would entertain additional arguments. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.,* 117 F.3d 432, 434 (9th Cir.1997) ("A district court ruling is not final if the court reserves the option of further modifying its ruling.").

The County argues that we nonetheless have jurisdiction to hear "immediate interlocutory appeals from district court decisions adjudicating any of the [two] qualified immunity component inquiries." The Supreme Court's analysis in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), requires us to address qualified immunity defenses as follows: "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level." *Id.* at 200, 121 S.Ct. 2151. In this case, the district court decided the first inquiry, and the County seeks to appeal this ruling before the second is reached.

■ By not considering the second inquiry in *Saucier's* analysis, however, the district court did not arrive at a final,

appealable decision on the County's qualified immunity. It is well-settled that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). It is likewise beyond dispute that multiple appeals are possible in certain circumstances: "*Mitchell* clearly establishes that an order rejecting the defense of qualified immunity at *either* the dismissal stage *or* the summary judgment stage is a 'final' judgment subject to immediate appeal." *Behrens v. Pelletier,* 516 U.S. 299, 307, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). It is decidedly not true, however, that we can exercise appellate jurisdiction midway through the qualified immunity analysis, before the district court makes a complete, final ruling on the issue. The County has not cited, nor are we able to find, any authority providing for appellate jurisdiction in this situation.

The County seeks to support its novel proposition by focusing on the rationale underlying *Saucier's* direction that courts conduct the required inquiry in sequence: the court's answer to the first inquiry, if it does not relieve the County of the pending lawsuit immediately, at least serves the important function of clarifying the implicated constitutional right and thus informing law enforcement conduct going forward. *See Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. It is hard to see, though, how this objective would be materially advanced by the multiple appeals advocated by the County. After all, in deciding the first *Saucier* inquiry (i.e., whether a constitutional right was violated), the district court has gathered all the legal materials necessary to decide the second: whether the law affording that right was "clearly

established." *See id.* at 201, 121 S.Ct. 2151 ("In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly established."). The minimal amount of additional time needed to conduct the second inquiry deprives neither the County of a swift end to a lawsuit from which it may be immune nor law enforcement of timely judicial guidance on constitutional rights. In fact, multiple interlocutory appeals might only prolong the County's exposure to unmeritorious litigation.

 In its response to an order to show cause why the appeal should not be dismissed for lack of jurisdiction, the County also invoked the *"Gillespie* doctrine," referring to what we derived from *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and have come to call the "practical finality" or "pragmatic finality" doctrine. To fit under this "very narrow exception to the final judgment rule" and thereby qualify to appeal a partial summary judgment, the County must satisfy four factors:

(1) the case was a marginally final order, (2) disposed of an unsettled issue of national significance, (3) review implemented the same policy Congress sought to promote in § 1292(b), and (4) the finality issue was not presented to the appellate court until argument on the merits, thereby ensuring that policies of judicial economy would not be served by remanding the case with an important unresolved issue.

*Williamson v. UNUM Life Ins. Co. of Am.,* 160 F.3d 1247, 1250 (9th Cir.1998); *see also In re Subpoena Served on Cal. Pub. Utils. Comm'n,* 813 F.2d 1473, 1479 (9th Cir.1987) (cautioning that the doctrine "must be sparingly used"), *citing Gillespie,*

379 U.S. at 152–53, 85 S.Ct. 308. The County does not make it past the first criterion: leaving half of the qualified immunity inquiry pending is hardly "marginal." *Cf. Wabol v. Villacrusis,* 958 F.2d 1450, 1454 (9th Cir.1990), ("The challenged order is 'marginally final' because the pending proceedings have little substance and will not affect the potentially dispositive and obviously central issue . . . .").

Appeal DISMISSED.