**Melvin Lovell HAWKINS, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 02–55022.

D.C. No. CV–98–03176–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

* The panel unanimously finds this case suitable for decision without oral argument, and denies Hawkins' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

**516**

Melvin Lovell Hawkins, Lancaster, CA, pro se.

Katherine J. Hamilton, Office of the City Attorney, Los Angeles, CA, for Defendants–Appellees.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Melvin Lovell Hawkins appeals pro se the district court's judgment following a jury verdict for defendants in his 42 U.S.C. § 1983 action alleging illegal search and seizure, false arrest, and false imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of a

motion to amend the complaint, *Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1138 (9th Cir.1998), and we review de novo the district court's rulings on motions for judgment as a matter of law, *Costa v. Desert Place, Inc.,* 299 F.3d 838, 859 (9th Cir.2003) (en banc). We affirm.

■ The district court did not abuse its discretion in denying Hawkins' motion to amend his complaint to add additional claims on the eve of trial after completion of discovery. *See Solomon,* 151 F.3d at 1139.

The district court properly denied Hawkins' motion for judgment as a matter of law because the evidence presented at trial could reasonably support a defense verdict. *See Costa,* 299 F.3d at 859.

Hawkins waived any challenge to the district court's judgment as to defendant Pollock because Hawkins' counsel stipulated on the record that judgment as a matter of law was appropriate. *See, e.g., Seidman v. City of Beverly Hills,* 785 F.2d 1447, 1448 (9th Cir.1986) (order).

■ Hawkins' contention that he received ineffective assistance of counsel is unavailing because plaintiffs in civil cases generally have no right to effective assistance of counsel. *See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

■ Hawkins failed to demonstrate that any of appellees' counsel's remarks during opening and closing arguments caused fundamental unfairness in light of the district court's curative instructions. *Cf. Bird v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1148 (9th Cir.2001).

The Clerk shall file Hawkins' supplemental excerpts of record entitled "Re-

---

porters Trial Transcripts" and his additional citations entitled "Letter pursuant to FRAP 28(j)," both received on September 1, 2004. The Clerk shall also file Hawkins' supplemental reply brief received on October 26, 2004.

The Clerk shall file "Appellees' Second Brief," submitted September 27, 2004, as a replacement for appellees' brief filed July 24, 2002.

We have considered and reject Hawkins' remaining contentions.

All pending motions are denied as moot.

**AFFIRMED.**