**MARINT LIMITED, A British Virgin Island Corporation, Plaintiff–Appellee,**

v.

**BESDINE MANAGEMENT COMPANY, a California corporation; Polestar Entertainment, a California corporation; Glenn H. Tobias, an individual, Defendants–Appellants.**

No. 06–56757.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2008.*

Filed June 10, 2008.

George G. Weickhardt, Esq., Ropers Majeski Kohn and Bentley, San Francisco, CA, for Plaintiff–Appellee.

Larry S. Greenfield, Esq., Beverly Hills, CA, for Defendants–Appellants.

BEFORE: CANBY, BYBEE, and M. SMITH, Circuit Judges.

## ORDER **

Besdine Management Company, Polestar Entertainment, and Glenn Tobias (collectively, "Appellants") brought this appeal to challenge the district court's entry of a stipulated judgment against them on the grounds that the judgment was obtained through fraud or duress. The record does not show that any motion attacking the judgment has been filed in the district court, or that the district court has taken any evidence concerning fraud or duress, or has made any ruling on this issue.

"In general, a party cannot appeal a judgment entered with its consent." *Slaven v. Am. Trading Transp. Co.,* 146 F.3d 1066, 1070 (9th Cir.1998). While an exception exists for claims of defective consent, the record contains no evidence that consent to the entry of judgment was lacking. *See id.*[1] Other established exceptions have no application here. *See, e.g., id.* (party explicitly preserves right to appeal); *Clapp v. Comm'r,* 875 F.2d 1396, 1398 (9th Cir.1989) (lack of subject matter jurisdiction to enter judgment).

Because generally a party may not gain review of a stipulated judgment and because no exception applies, the judgment of the district court is not appealable. *Plasterers Local Union No. 346 v. Wyland*

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The declarations submitted with Appellants' brief are the only items directly supporting the allegations of fraud and duress, and they were not before the district court. Papers not filed with the district court or admitted into

evidence by that court are not part of the appellate record. *See* Fed. R.App. P. 10(a); *Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir.1988). Appellants concede that the contents of the March 2003 complaint are irrelevant to fraud and duress. The December 11, 2000 order filed with the Appellants' brief and in the excerpts of record may provide some context for the alleged threats but is not evidence of the threats themselves.

*Enters. Inc.,* 819 F.2d 217, 219 (9th Cir. 1987).

**APPEAL DISMISSED.**