FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM MARR,

               Plaintiff - Appellant,

  v.

BANK OF AMERICA, NA,

               Defendant - Appellee.

No. 11-16308

D.C. No. 3:09-cv-05978-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted January 15, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

    William Marr appeals from the district court's grant of summary judgment

to Bank of America on his claim under § 221 of the California Labor Code and his

derivative claim under § 17200 of the California Business and Professions Code.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction under 28 U.S.C. § 1291, *see James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1065–67 (9th Cir. 2002), and we affirm.

The California courts have held that it is illegal under § 221 and other state statutes and regulations for employers to take deductions for general business expenses from commissions that are based on an individual employee's sales. *See Kerr's Catering Serv. v. Dep't of Indus. Relations*, 369 P.2d 20, 24–27 (Cal. 1962); *Hudgins v. Neiman Marcus Grp., Inc.*, 41 Cal. Rptr. 2d 46, 51–55 (Ct. App. 1995); *Quillian v. Lion Oil Co.*, 157 Cal. Rptr. 740, 742–45 (Ct. App. 1979). Deductions from such commissions are permitted, however, when (1) the deductions are tied to the employee's sales rather than general business expenses, and (2) the employee agrees to the deductions by contract. *See Koehl v. Verio, Inc.*, 48 Cal. Rptr. 3d 749, 760–67 (Ct. App. 2006); *Steinhebel v. L.A. Times Commc'ns, LLC*, 24 Cal. Rptr. 3d 351, 356–62 (Ct. App. 2005); *Prudential Ins. Co. of Am. v. Fromberg*, 49 Cal. Rptr. 475, 476–79 (Ct. App. 1966). The California Supreme Court's 2008 decision in *Prachasaisoradej v. Ralphs Grocery Co.*, 165 P.3d 133 (Cal. 2007), did not alter this framework.

The deductions taken in calculating Marr's commissions were tied to his specific sales; they were not deductions taken for the types of general business expenses deemed troublesome by the California courts. Marr contractually agreed

2

that the deductions would be taken in calculating his commissions. Under California law, the district court was thus correct to grant summary judgment in Bank of America's favor on Marr's claim under § 221. Because Marr's claim under § 17200, as relevant for this appeal, was derivative of his claim under § 221, the district court was also correct in granting summary judgment on the § 17200 claim to the extent appealed.

AFFIRMED.

Marr v. Bank of America, 11-16308

WALLACE, Senior Circuit Judge, dissenting:

Although I would join the majority on the merits if I could, I respectfully dissent from the majority's jurisdiction analysis. It is clear to me that this court lacks jurisdiction to hear this appeal.

Generally, we may only hear appeals from final decisions of the district court. 28 U.S.C. § 1291. Appellant Marr purports in his Notice of Appeal to take this appeal from the district court's March 8, 2011 order granting in part and denying in part cross motions for partial summary judgment. That order is not a final judgment as it plainly contemplates that the case remains before the district court and expressly states that the "action will proceed" on those claims as to which the district court had yet to enter judgment. *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *Way v. Cnty. of Ventura*, 348 F.3d 808, 810 (9th Cir. 2003).

Marr points to the district court's April 27, 2011 order, which granted the parties' joint stipulation regarding dismissal and entry of judgment, as providing jurisdiction for this appeal. Even disregarding that Marr's Notice of Appeal was from the March 8 order and not the April 27 order, I am still not convinced that jurisdiction is proper here.

This court explained in *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995), that

1

a plaintiff may not "appeal from a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement." *Id.* at 1507; *see also Plasterers Local Union No. 346 v. Wyland Enters. Inc.*, 819 F.2d 217, 218-19 (9th Cir. 1987); *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986). Although *Concha* unfortunately held that this court may exercise jurisdiction over a voluntary dismissal pursuant to a stipulation even where that stipulation did not make clear that dismissal was with prejudice, *Concha* emphasized that jurisdiction in such a situation is appropriate "where the plaintiff is *not acting pursuant to a settlement agreement*." 62 F.3d at 1507 (emphasis added).

Here, the parties did not merely stipulate to voluntary dismissal. The district court explained that the parties "ostensibly settled" the case. Thus, as the district court warned the parties, *Concha*'s bright-line rule as to settlement agreements deprives this court of jurisdiction. No case has been cited supporting the notion that the parties' subjective intent as to the effect of a settlement agreement can provide jurisdiction for appeal. I thus conclude that under *Concha*, our court lacks jurisdiction to hear this appeal.

Seeking to avoid *Concha*, Marr contends that our court's decision in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002), provides us with jurisdiction. In *James*, we held that "when a party that has suffered an adverse partial judgment

2

subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291." *Id.* at 1070. Because Marr seeks review of a partial summary judgment following a "voluntary dismissal," and because the record reveals no "intent to manipulate" this court's appellate jurisdiction, Marr contends that jurisdiction is appropriate here.

While I think it is an open issue whether the parties attempted to "manipulate" our jurisdiction through their settlement agreement—indeed, the district court hinted as much in its April 27 order—*James* did not involve a voluntary dismissal pursuant to a settlement agreement. Moreover, *James* does not attempt to distinguish *Concha*'s language that voluntary dismissal pursuant to a settlement agreement does not provide this court jurisdiction. To hold there is jurisdiction under *James*, the majority must stretch the holding of *James*—a case that already stretched the traditional limits of federal jurisdiction—to avoid *Concha*. Such a reading of *James* would amount to one three-judge panel overruling an earlier three-judge panel—and that is not allowed. I thus conclude that *James* cannot supply jurisdiction here. I would therefore dismiss this appeal and not reach the merits.