WALLACE, Senior Circuit Judge,
dissenting:
Although I would join the majority on the merits if I could, I respectfully dissent from the majority’s jurisdiction analysis. It is clear to me that this court lacks jurisdiction to hear this appeal.
Generally, we may only hear appeals from final decisions of the district court. 28 U.S.C. § 1291. Appellant Marr purports in his Notice of Appeal to take this appeal from the district court’s March 8, 2011 order granting in part and denying in part cross motions for partial summary judgment. That order is not a final judgment as it plainly contemplates that the case remains before the district court and expressly states that the “action will proceed” on those claims as to which the district court had yet to enter judgment. See Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); Way v. Cnty. of Ventura, 348 F.3d 808, 810 (9th Cir.2003).
Marr points to the district court’s April 27, 2011 order, which granted the parties’ joint stipulation regarding dismissal and entry of judgment, as providing jurisdiction for this appeal. Even disregarding that Marr’s Notice of Appeal was from the March 8 order and not the April 27 order, I am still not convinced that jurisdiction is proper here.
This court explained in Concha v. London, 62 F.3d 1493 (9th Cir.1995), that a plaintiff may not “appeal from a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement.” Id. at 1507; see also Plasterers Local Union No. 346 v. Wyland Enters., Inc., 819 F.2d 217, 218-19 (9th Cir.1987); Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986). Although Concha unfortunately held that this court may exercise jurisdiction over a voluntary dismissal pursuant to a stipulation even where that stipulation did not make clear that dismissal was with prejudice, Concha emphasized that jurisdiction in such a situation is appropriate “where the plaintiff is not acting pursuant to a settlement agreement.” 62 F.3d at 1507 (emphasis added).
Here, the parties did not merely stipulate to voluntary dismissal. The district court explained that the parties “ostensibly settled” the case. Thus, as the district court warned the parties, Concha’s bright-line rule as to settlement agreements deprives this court of jurisdiction. No case has been cited supporting the notion that the parties’ subjective intent as to the effect of a settlement agreement can provide jurisdiction for appeal. I thus conclude that under Concha, our court lacks jurisdiction to hear this appeal.
Seeking to avoid Concha, Marr contends that our court’s decision in James v. Price Stern Sloan, Inc., 283 F.3d 1064 (9th Cir.2002), provides us with jurisdiction. In James, we held that “when a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291.” Id. at 1070. Because Marr seeks review of a partial summary judgment following a “voluntary dismissal,” and because the record reveals no *663 “intent to manipulate” this court’s appellate jurisdiction, Marr contends that jurisdiction is appropriate here.
While I think it is an open issue whether the parties attempted to “manipulate” our jurisdiction through their settlement agreement — indeed, the district court hinted as much in its April 27 order — James did not involve a voluntary dismissal pursuant to a settlement agreement. Moreover, James does not attempt to distinguish Concha’s language that voluntary dismissal pursuant to a settlement agreement does not provide this court jurisdiction. To hold there is jurisdiction under James, the majority must stretch the holding of James — a case that already stretched the traditional limits of federal jurisdiction — to avoid Concha. Such a reading of James would amount to one three-judge panel overruling an earlier three-judge panel — and that is not allowed. I thus conclude that James cannot supply jurisdiction here. I would therefore dismiss this appeal and not reach the merits.