NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN L. FARRAR, | No.   16-35700 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00952-KI |
| v. | |
| COLETTE PETERS, Director of O.D.O.C.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 21, 2017**

Before:    SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Oregon state prisoner Stephen L. Farrar appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Farrar's claim relating to the prison grievance process because Farrar failed to raise a genuine dispute of material fact as to whether he has a constitutional entitlement to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court properly granted summary judgment on Farrar's deliberate indifference claims because Farrar failed to raise a genuine dispute of material fact as to whether defendants consciously disregarded a serious risk to Farrar's health in treating his abdominal pain, breathing difficulties, and vision impairment. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if the official knows of and disregards an excessive risk to inmate health; negligence, or a difference of opinion regarding diagnosing or treating a medical condition, does not violate a prisoner's Eighth Amendment rights).

The district court properly granted summary judgment on Farrar's claim arising from the deduction of funds during the holiday period because Farrar failed to raise a genuine dispute of material fact as to whether defendants violated his due process rights. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (a prison violates the due process clause only when it "prescribes and

enforces forfeitures of property without . . . competent procedural protections"). Contrary to Farrar's contentions, even if the prison did not follow its own rules, that does not rise to the level of a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

The district court did not abuse its discretion in denying Farrar's motion to compel discovery because Farrar failed to show that the denial of discovery would result in actual and substantial prejudice. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

The district court did not abuse its discretion in denying Farrar's motions for appointment of counsel because Farrar did not demonstrate "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We lack jurisdiction to consider the district court's order granting Farrar's motion to voluntarily dismiss defendant Ladd because this order does not qualify as an involuntary adverse decision against Farrar. *See Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) (plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him).

16-35700

We do not consider documents and facts not presented to the district court. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Farrar's request for judicial notice, set forth in the reply brief, is denied.

**AFFIRMED.**

16-35700