**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN E. BETTYS, | No. 18-35285 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05076-RJB |
| v. | |
| KEVIN QUIGLEY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Washington civil detainee John E. Bettys appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging claims arising

from his pretrial detention at Washington's Special Commitment Center ("SCC").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Mitchell v.*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Washington*, 818 F.3d 436, 441 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment on Bettys's mental health treatment and conditions of confinement claims because defendants demonstrated that any differences between what Bettys was provided during his pretrial detention and what was provided to criminal inmates at Washington State Department of Corrections facilities were justified by legitimate, non-punitive interests, and Bettys failed to raise a genuine dispute of material fact as to whether any conditions he experienced amounted to punishment or were excessive in relation to legitimate government interests.  *See Bell v. Wolfish*, 441 U.S. 520, 537 (1979) (some losses of freedom of movement and choice are inherent discomforts of confinement, and not every disability imposed during detention "amounts to 'punishment' in the constitutional sense"); *Jones v. Blanas*, 393 F.3d 918, 932, 935 (9th Cir. 2004) (a rebuttable presumption of punitive treatment arises when a detainee awaiting civil commitment proceedings is detained in "conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held").

To the extent Bettys challenges the mental health treatment he received after

his civil commitment, the district court properly granted summary judgment because Bettys failed to raise a genuine dispute of material fact as to whether defendants substantially departed from accepted professional judgment. *See Youngberg v. Romeo*, 457 U.S. 307, 321-23 (1982) (imposing liability where a decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment"); *Mitchell*, 818 F.3d at 443-44 (at summary judgment, a civil detainee must present evidence sufficient to rebut the *Youngberg* professional judgment standard).

The district court properly dismissed Bettys's double jeopardy claim because his civil detention under Washington law is not unconstitutionally punitive "as applied" to him. *See Seling v. Young*, 531 U.S. 250, 263 (2001) (rejecting a double jeopardy challenge to implementation of civil confinement of persons charged with sex offenses).

We do not consider Bettys's due process claims concerning vendor access privileges and facility policies because Bettys voluntary dismissed these claims. *See* Fed. R. Civ. P. 41(a)(2); *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) ("A plaintiff may not appeal a voluntary dismissal because it is not

an involuntary adverse judgment against him").

**AFFIRMED.**