**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH E. ANDERSON, | No. 18-16338 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00362-AWI-BAM |
| v. | |
| A. GONZALES; C. LAITA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted May 11, 2020
San Francisco, California

Before: R. NELSON and BRESS, Circuit Judges, and GWIN,[**] District Judge.

Joseph Anderson, a state prisoner, filed suit under 42 U.S.C. § 1983 against

two prison employees, Officer Laita and Sergeant Gonzales, alleging excessive force

and a failure to protect Anderson from another cellmate. The district court granted

summary judgment to Officer Laita, holding that under the Prison Litigation Reform

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Act (PLRA), Anderson had failed to exhaust his remedies in the prison grievance process. 42 U.S.C. § 1997e. Anderson now seeks to appeal that exhaustion ruling.

We conclude we lack jurisdiction to hear it. After the district court granted summary judgment to Laita, Anderson settled his claims with Sergeant Gonzales. Anderson and Gonzales then filed a stipulation in the district court stating that "Plaintiff Joseph Anderson and Defendant Gonzales have resolved this case *in its entirety*." (Emphasis added). Counsel then appeared before the magistrate judge to confirm the settlement, with the magistrate judge declaring: "[b]ased upon that, this case is settled." The magistrate later issued an order on the stipulation, stating that "the case has been resolved *in its entirety*, [and] should be dismissed with prejudice." (Emphasis added).

The stipulation and the court's order memorializing it clearly dismissed the entire case based upon the settlement. This necessarily included Anderson's claims against Laita; those claims were not carved out from the stipulation, nor was any separate judgment ever issued in favor of Laita. *See* Fed. R. Civ. P. 41(a), 54(b), 58. It is well established that following a settlement, "[a] plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment." *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986). All that exists in this case is a voluntary dismissal, from which Anderson may not appeal. *Id.* ("Having agreed to dismiss this action with prejudice, Seidman deprived this court of

2

jurisdiction to consider his appeal.").

Although the stipulation and accompanying order are sufficient to demonstrate our lack of jurisdiction, we note that the settlement agreement confirms this as well. The settlement agreement was not part of the record below, but Officer Laita has submitted it to this court. Anderson does not dispute its authenticity and agrees we may consider it for purposes of assessing our own jurisdiction.[1]

The settlement agreement contains a broad release that covers Officer Laita. Among other things, the agreement states that it "covers all of the claims and allegations in the Complaint and any amendments thereto against Defendants, whether named or unnamed and whether served or unserved, and any past or current employees of [California Department of Corrections and Rehabilitation]." Under the settlement, "[i]t is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaint." The settlement agreement confirms that when the case was voluntarily dismissed, that dismissal clearly included the claims against Officer Laita.

For the foregoing reasons, we must **DISMISS** for lack of jurisdiction.

---

[1] To this extent, we grant Officer Laita's motion for judicial notice of the settlement agreement.

3