**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORRIS WILNER,

              Plaintiff-Appellant,

  v.

FORD MOTOR COMPANY, a
corporation,

              Defendant-Appellee,

 and

HUNTINGTON BEACH FORD, a
business entity, form unknown; DOES, 1
through 50, inclusive,

              Defendants.

No.   20-56400

D.C. No.
8:20-cv-01688-CJC-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 8, 2022[**]
Pasadena, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Morris Wilner appeals the district court's denial of his ex parte application to vacate an order dismissing Wilner's claims without prejudice.

We lack jurisdiction to hear Wilner's appeal because the district court's November 25, 2020 order denying Wilner's ex parte application was not a final order.[1] First, the November 25, 2020 order left multiple issues unresolved, including a determination of the reasonable attorney's fees that Wilner is owed, and a resolution of the dispute over the interpretation of Ford's agreement in the Rule 68 offer of judgment to pay Wilner $42,359.79. Second, the order stated that Wilner could "file a regularly-noticed motion seeking whatever additional relief he contends is appropriate," thereby indicating that the district court contemplated further action in the case. *See Elliott v. White Mountain Apache Tribal Ct.*, 566 F.3d 842, 846 (9th Cir. 2009); *Way v. Cnty. of Ventura*, 348 F.3d 808, 810 (9th Cir. 2003).

We reject Wilner's argument that the district court's October 6, 2020 order, which dismissed Wilner's claims without prejudice and retained jurisdiction for thirty days, became final once the district court denied Wilner's ex parte

---

[1] We have jurisdiction to determine whether we have jurisdiction to hear the case. *See Atl. Nat'l Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 933 (9th Cir. 2010).

application for an order to vacate the dismissal and enter judgment. Because the district court's November 25, 2020 order expressly invited additional motion practice, it rendered any prior dismissal order non-final. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997); *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir. 1994).

We also reject Wilner's argument that the "pragmatic finality" doctrine applies. Wilner failed to explain why each of the four requirements for applying that doctrine are satisfied here, and nothing in the record indicates that Wilner's case presents an issue of national significance. *See Way*, 348 F.3d at 811.

**DISMISSED.**