**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENE EDWARDS, on behalf of herself and all others similarly situated,<br><br>           Plaintiff - Appellant,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>           Defendant - Appellee. | No. 13-55331<br><br>D.C. No. 3:11-cv-01058-MMA-BLM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before:  GRABER and WARDLAW, Circuit Judges, and MAHAN,[**] District Judge.

Gene Edwards appeals the district court's denial of her motion for class certification in her action against Ford Motor Company.  Edwards alleges that Ford violated California's Consumers Legal Remedies Act ("CLRA") and Unfair

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Competition Law when it sold and serviced 2005-07 Freestyle vehicles without informing customers of a known defect in the electronic throttle control ("ETC") system that caused the Freestyles to "surge," or accelerate unexpectedly. We review the denial of class certification for abuse of discretion. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1066 (9th Cir. 2014). We reverse and remand for further proceedings.

Ford contends that this appeal is moot or prudentially moot because, in November 2012, after Edwards filed her petition for permission to appeal, Ford implemented a repair and reimbursement program concerning the surging-at-idle condition. In the program, Ford extended the warranty for idle surge repairs, offered a refund for owner-paid repairs made before the program was announced, and gave notice to vehicle owners and Ford dealers. The appeal is not moot, though, because Edwards seeks relief beyond that provided by the program, including reimbursement of the money consumers spent on the Freestyles or on extended warranties. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (stating that the availability of a "partial remedy" is "sufficient to prevent a case from being moot" (internal quotation marks omitted)).

A putative class-action plaintiff must show that her claim meets each of the four requirements of Federal Rule of Civil Procedure 23(a), including the

requirement of Rule 23(a)(2) that "there are questions of law or fact common to the class." *See Berger*, 741 F.3d at 1067. This commonality requirement is met if the plaintiff shows that class members' claims depend on a common contention that is capable of classwide resolution. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The class must also meet one of the requirements of Rule 23(b). *Berger*, 741 F.3d at 1067. Under Rule 23(b)(3), the district court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The district court's commonality and predominance holdings are irreconcilable. The district court correctly concluded that whether a defect existed and whether Ford had a duty to disclose the defect were both questions common to the class under Rule 23(a)(2). Yet the district court went on to characterize those same questions as "individual" in the predominance analysis under Rule 23(b)(3). As Ford concedes, an issue that is common to the class is by definition "of such a nature that it is capable of classwide resolution." *Dukes*, 131 S. Ct. at 2551. Such a question cannot weigh against class certification under Rule 23(b)(3).

Ford argues that the district court's error was harmless because individualized issues preclude class certification. This argument is unpersuasive

3

because the district court erred in concluding that individualized proof was required on the question of the existence of a defect and on the question of materiality.

In an action alleging consumer protection claims based on a vehicle defect, commonality is satisfied when "[t]he claims of all prospective class members involve the same alleged defect, covered by the same warranty, and found in vehicles of the same make and model." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (stating that common questions included whether defect existed). In order to satisfy the predominance requirement, the plaintiff need not prove the existence of the defect. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013) (stating that "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class").

Individual factors, such as driving conditions, may affect surging, but they do not affect whether the Freestyle was sold with an ETC system defect. *See Wolin*, 617 F.3d at 1173 (rejecting argument that class certification was inappropriate because evidence would show that prospective class members' vehicles did not suffer from common defect in alignment geometry that caused premature tire wear but, rather, from tire wear caused by individual factors such as

driving habits and weather). Moreover, by providing classwide relief through its notice and repair program, Ford has acknowledged that a single class defect exists.

The district court also erred in holding that materiality under the CLRA would require individualized proof. Under the CLRA, each potential class member must both have "an actual injury and show that the injury was caused by the challenged practice." *Berger*, 741 F.3d at 1069 (internal quotation marks omitted). But the need for an individual determination of damages does not, by itself, defeat class certification. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). A manufacturer has a duty to disclose a known defect that poses an unreasonable safety hazard. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141-43 (9th Cir. 2012) (citing *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 127 (Ct. App. 2006)). Because materiality is governed by an objective "reasonable person" standard under California law, an inquiry that is the same for every class member, a finding that the defendant has failed to disclose information that would have been material to a reasonable person who purchased the defendant's product gives rise to a rebuttable inference of reliance as to the class. *Mass. Mut. Life Ins. Co. v. Superior Court*, 119 Cal. Rptr. 2d 190, 197 (Ct. App. 2002).

**REVERSED and REMANDED.**