NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |  |
|---|---|---|
| GISELE ROGERS, individual, on behalf of themselves and all others similarly situated, | ) ) ) ) | No. 11-57016 |
|  | ) | D.C. No. 2:09-cv-08063-PSG-CW |
| Plaintiff - Appellant, | ) ) | MEMORANDUM[*] |
| v. | ) ) ) |  |
| EPSON AMERICA, INC., a California corporation; EPSON ACCESSORIES, INC., a California corporation; SEIKO EPSON CORPORATION, a Japanese corporation; DOES 1-100 inclusive, | ) ) ) ) ) ) ) ) ) |  |
| Defendants - Appellees. | ) ) ) |  |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 5, 2016[**]
Pasadena, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE,*** District Judge.

Gisele Rogers appeals the district court's order denying certification of a class of purchasers of printers made by Epson America, Inc., Epson Accessories, Inc., and Seiko Epson Corporation (collectively "Epson"). We affirm.

Rogers asserted that the printers in question had separate cartridges for each color and that Epson misled purchasers by representing that a user needed only to replace the color that was empty when it ran out. In fact, if any cartridge was empty the user could not print black and white copies. She sought certification of a class of: "All persons throughout the United States who, between August 28, 2005 and class certification, purchased, not for resale, an Epson Stylus NX series printer." She asserted that Epson had made the misrepresentations to herself and to the other members of the class in violation of California's Unfair Competition Law ("UCL"),[1] and California's False Advertising Law ("FAL").[2] The district court determined that Rogers had met the general prerequisites for class certification,[3]

---

***The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

[1]*See* Cal. Bus. & Prof. Code §§ 17200, 17203.

[2]*See* Cal. Bus. & Prof. Code § 17500.

[3]*See* Fed. R. Civ. P. 23(a).

but that she had failed to meet the more specific requirement that the class was one in which "questions of law or fact common to class members predominate over any questions affecting only individual members . . . ."[4]  In order to predominate, the questions had to at least be common[5] and there had to be cohesion among the members of the class.[6]  Rogers asserts that the district court abused its discretion[7] when it, in effect, determined that she had not met those requirements.  We disagree.

In a case of this nature, one based upon product labeling, advertising, and the like, it is critical that the misrepresentation in question be made to all of the class members.  *See, e.g.*, *Mazza*, 666 F.3d at 595–96; *Stearns*, 655 F.3d at 1020; *Davis-Miller v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 106, 121, 124–25, 134 Cal. Rptr. 3d 551, 562, 564–65 (2011) (UCL claim); *Pfizer, Inc. v. Super. Ct.*, 182 Cal.

---

[4]*Id.* 23(b)(3).

[5]*See id*; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, __, 131 S. Ct. 2541, 2556, 180 L. Ed. 2d 374 (2011).

[6]*See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595–96 (9th Cir. 2012); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011).

[7]*See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1066–67 (9th Cir. 2014); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1171–72 (9th Cir. 2010); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)

App. 4th 622, 629–30 & n.4, 631–32, 105 Cal. Rptr. 3d 795, 801 & n.4, 802–04 (2010) (UCL and FAL claims). The district court did not err when it determined that the evidence in the record did not meet that standard; the evidence did not support a determination that all class members saw or otherwise received the misrepresentations regarding color-cartridge replacement. Of course, minor deviations in the wording of misrepresentations might not be fatal to class certification,[8] but that principle does not affect the situation of those who purchased printers before they encountered any misrepresentations whatsoever.

Therefore, the district court did not abuse its discretion when it denied class certification. We recognize that the district court saw Rogers' failure of proof as a standing problem and that we have held that standing is not affected by the causation problems it identified. *See Mazza*, 666 F.3d at 594–95; *Stearns*, 655 F.3d at 1020–21. Nevertheless, we can affirm the district court despite its use of the wrong label where, as here, the decision was nonetheless correct. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 964 n.3 (9th Cir. 2011); *see also Berger*, 741 F.3d at 1066–67.

Rogers asserts that the district court abused its discretion when it did not sua

---

[8]*See Henry v. Lehman Commercial Paper, Inc. (In re First All. Mortg. Co.)*, 471 F.3d 977, 990–91 (9th Cir. 2006); *cf. Knapp v. AT & T Wireless Servs., Inc.*, 195 Cal. App. 4th 932, 944, 124 Cal. Rptr. 3d 565, 574 (2011).

sponte redefine the proposed class and certify that. However, she overlooks the principle that the burden of proposing a narrower class was hers, and not that of the district court. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 729–30 (9th Cir. 2007); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009).

Finally, Epson requests that we go on to decide whether a nationwide class would be proper,[9] whether Rogers' claims of injury were typical,[10] and whether she is an adequate class representative.[11] However, because we have determined that certification of the class was properly denied, we decline the invitation to issue our advice on those subjects. We express no opinion on the proper outcome of those inquiries.

AFFIRMED.

---

[9] *See Mazza*, 666 F.3d at 589–94; *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1187–88, 190 Cal. Rptr. 3d 411, 430–31 (2015).

[10] *See* Fed. R. Civ. P. 23(a)(3); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

[11] *See* Fed. R. Civ. P. 23(a)(4); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985–86 (9th Cir. 2011).

5