**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECIL SHAW, | No. 15-55495 |
| Plaintiff-Appellant, | D.C. No.<br>5:13-cv-01563-CAS-SP |
| v. | |
| JAR-RAMONA PLAZA, LLC, a<br>California limited liability company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 7, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Cecil Shaw is disabled and uses a wheelchair. He brought this action in the

United States District Court for the Central District of California pursuant to the

Americans with Disabilities Act, 42 U.S.C. §§12182–83, and state laws, against

Jar-Ramona Plaza LLC ("JAR"), the owner of the Jar-Ramona Plaza Shopping

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Center ("the Plaza"), and a number of the Plaza's tenants. Shaw alleged that when he visited the Plaza in September 2011, he encountered a number of barriers, including an excessively sloped walkway appurtenant to the Grocery Outlet store. Shaw subsequently entered into a settlement agreement with Grocery Outlet ("the Settlement Agreement") that released Grocery Outlet from liability for all claims against it, and that released JAR from landlord liability for all claims against Grocery Outlet, except for those claims relating to common areas appurtenant to Grocery Outlet and not covered in a "Report" attached to the Settlement Agreement.

Thereafter, Shaw filed a First Amended Complaint that re-alleged his encounter with the sloped walkway and asserted for the first time the existence of a number of other barriers at the Plaza, which he had not personally encountered. Shaw moved for summary judgment. The District Court denied the motion because there were outstanding genuine issues of material fact. It further held that Shaw's entry into the Settlement Agreement precluded him from using his encounter with the sloped walkway as the predicate for seeking injunctive relief on the alleged barriers that had existed in 2011, but which he had not personally encountered.

Shaw chose to file a stipulated dismissal with prejudice and then filed a notice of appeal. We affirm.

A stipulated dismissal with prejudice is an appealable order. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065–66 (9th Cir. 2014); *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). However, such a dismissal only allows "the appellate court to review the action of the district court that the plaintiff believes to be determinative of his claim—the action that caused him to dismiss his case." *Concha*, 62 F.3d at 1507.

The denial of summary judgment is reviewed de novo, but "[w]e must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004) (internal quotation marks omitted); *see also United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003).

Viewing the record in favor of JAR—the non-moving party on Shaw's motion for summary judgment—the District Court correctly determined that there were outstanding genuine issues of material fact. The Settlement Agreement is not a model of clarity. The sloping sidewalk that Shaw encountered is appurtenant to

the Grocery Outlet store, but it is not clear whether it is covered in the "Report" that was attached to the Settlement Agreement. Where, as here, the determination of the meaning of a document requires consideration of extrinsic evidence, the district court's interpretation of the document is entitled to deference. *In re U. S. Fin. Sec. Litig.*, 729 F.2d 628, 632 (9th Cir. 1984). In addition, there is a factual dispute as to whether JAR allocated 20 percent of the amount it spent on alterations to the Plaza to providing an accessible path of travel, as required by the Americans with Disabilities Act. Accordingly, Shaw has not carried his burden of showing that the District Court erred in denying summary judgment.

The District Court also determined as a preliminary matter that Shaw, by entering into the Settlement Agreement, relinquished any claim he otherwise had for encountering the sloped sidewalk and therefore could not use that encounter as the predicate for seeking injunctive relief for other alleged barriers in the Plaza in 2011.[1] In *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008), we recognized the broad prophylactic purposes of the ADA. However, *Doran* does not speak to the issue presented here: whether a plaintiff who has settled his actual claims may thereafter seek injunctive relief for un-encountered barriers. Shaw has

---

[1] At oral argument, Shaw's counsel agreed that nothing in the Settlement Agreement barred Shaw from seeking relief from any barriers he might encounter if he now visits the Plaza.

4

not demonstrated to this Court that the District Court's denial of his motion for summary judgment was wrong as a matter of law. Moreover, because Shaw chose to file a stipulated dismissal rather than litigate the outstanding material issues of fact, he cannot on this appeal argue that the District Court erred in concluding that genuine issues of material fact preclude the entry of summary judgment in his favor.

**AFFIRMED**.