**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANCY CARRERA; et al., | No.    16-56038 |
| Plaintiffs-Appellants, | D.C. No.<br>3:13-cv-01585-BAS-JLB |
| v. | |
| FIRST AMERICAN HOME BUYERS PROTECTION COMPANY, a California Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 9, 2017
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and DANIEL,[**] District
Judge.

Appellants Nancy Carrera et al. appeal the interlocutory order of the district

court denying class certification of their fraudulent concealment and Unfair

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Wiley Y. Daniel, United States District Judge for the
U.S. District Court for Colorado, sitting by designation.

Competition Law ("UCL") claims under Federal Rule of Civil Procedure 23(b)(3). We granted Appellants permission to file an interlocutory appeal under Federal Rule of Procedure 23(f). We have jurisdiction under 28 U.S.C. § 1292(e), and we affirm.

1.     The district court did not abuse its discretion in concluding that questions of law or fact common to class members did not predominate over questions affecting individual class members. *See* Fed. R. Civ. P. 23(b)(3). Appellants argue that they are entitled to a classwide presumption of reliance and materiality because, although First American Home Buyers Protection Company ("First American") did not make uniform representations to members of the putative class and used different sales channels to market its home warranty plans, First American uniformly concealed the same material information from all class members. Because Appellants' fraudulent concealment and UCL claims are based on omissions, not affirmative misrepresentations, Appellants contend that they do not need to show that all First American's representations "were uniformly made to all members of the proposed class." *See Davis-Miller v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 106, 125 (2011); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595 (9th Cir. 2012). We disagree.

On appeal, Appellants pursued only one fraudulent concealment theory, arguing that First American's marketing materials and contracts were deceptive because First American made partial representations to the class but suppressed some material facts about their warranty plans. *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (describing four circumstances of actionable fraudulent concealment under California law). Because Appellant's theory of fraudulent concealment tethers the materiality of First American's omissions to what First American represented to the putative class, Appellants cannot avoid the requirement, articulated in *Mazza v. American Honda Motor Company*, 666 F.3d 581 (9th Cir. 2012) and *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061 (9th Cir. 2014), *abrogated on other grounds*, *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017), that all class members have some exposure to the representations. *See also Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 n.4 (1993) (concluding that plaintiffs cannot "through clever pleading" transform "every fraud case based on material misrepresentation . . . into a material omissions case"). The district court did not clearly err in concluding that not all putative class members had been exposed to "any representations about First American, much less the alleged misrepresentations."

To the extent that Appellants could have pursued class certification on alternative concealment theories, *see LiMandri*, 52 Cal. App. 4th at 336, Appellants forfeited these arguments by not raising them to the district court or in the appellate briefs and at oral argument. Appellants did not seek class certification, for example, under California Insurance Code section 332, which imposes a duty to disclose on an insurer. It is not clear what additional facts, if any, First American would have had to disclose to class members to satisfy section 332, or whether a class under section 332 would be sufficiently uniform and cohesive to merit certification. Neither this alternative theory nor any other is before us.

2.　　Nor did the district court abuse its discretion in denying Appellants leave to amend to add a claim under California Insurance Code section 12760. The district court denied Appellants' motion for leave to amend as moot because Appellants sought leave to amend the Third Amended Complaint, when the operative complaint was the Consolidated Complaint. Because Appellants cannot amend a complaint that is no longer valid, the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**