NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CIRCLE CLICK MEDIA, LLC, a California limited liability company; CTNY INSURANCE GROUP, LLC, a Connecticut limited liability company, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> REGUS MANAGEMENT GROUP, LLC, a Delaware limited liability company; REGUS BUSINESS CENTRE, LLC, a Delaware limited liability company; REGUS, PLC, a Jersey, Channel Islands, public limited company; HQ GLOBAL WORKPLACES, LLC, a Delaware limited liability company, <br><br> Defendants-Appellees. | No.   17-15088 <br><br> D.C. No. 3:12-cv-04000-EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before:  TASHIMA and MURGUIA, Circuit Judges, and HINKLE,** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert L. Hinkle, United States District Judge for the

Judge.

Plaintiffs Circle Click, LLC, Metro Talent, LLC, and CTNY Insurance Group brought a putative class action, alleging that defendants Regus Management Group, LLC, Regus Business Centre LLC, Regus plc, and HQ Global Workplaces LLC violated California's unfair competition ("UCL") and false advertising laws ("FAL") by misrepresenting the actual cost of leasing their office spaces. The district court denied the plaintiffs' motion for class certification and their motion for reconsideration because the plaintiffs failed to meet Federal Rule of Civil Procedure 23(b)'s predominance requirement. The district court then granted the defendants' motion for partial summary judgment, dismissing the plaintiffs' request for a public injunction for lack of Article III standing, and entered a final judgment. The plaintiffs appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly denied class certification because the plaintiffs' putative class presented individualized issues, not subject to common proof, regarding whether the plaintiffs were deceived. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068–69 (9th Cir. 2014), *abrogated on other grounds* by *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). We review denials of class certification for abuse of discretion. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970,

Northern District of Florida, sitting by designation.

2

980 (9th Cir. 2011). As the district court noted, the defendants' sales documents, and the way in which those documents were presented, described, and discussed with the class members varied greatly from person to person.

In their motion for reconsideration, the plaintiffs' asserted for the first time that their claims were based solely on the defendants' sales documents. However, we have held previously that a district court does not abuse its discretion in disregarding arguments made for the first time in a motion for reconsideration. *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Therefore, the district court did not abuse its discretion in denying the plaintiffs' class certification motion and motion for reconsideration.

The district court also properly granted the defendants' motion for partial summary judgment because the plaintiffs lacked Article III standing to pursue their public injunction. Grants of summary judgment are reviewed de novo. *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F. 3d 267, 270 (9th Cir. 2013). The Supreme Court in *City of Los Angeles v. Lyons* made clear that a plaintiff must demonstrate that "he [is] likely to suffer future injury from" the allegedly improper behavior of the defendant to have Article III standing for injunctive relief. 461 U.S. 95, 105 (1983). Here, there is no evidence that the plaintiffs intend to do any business with the defendants again in the future. As such, the plaintiffs fail to demonstrate that they are likely to suffer the future injury necessary to establish Article III standing.

*See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971–72 (9th Cir. 2018) (holding that a previously deceived plaintiff may have Article III standing if the plaintiff desires to purchase the defendant's falsely advertised product in the future).

The district court dismissed the plaintiffs' request for a public injunction without prejudice. In the offer of judgment, the parties stipulated that acceptance of the offer "will leaving nothing further for resolution in the event plaintiffs' appeals are all denied in which eventuality the case w[ill] be over." Thus, we affirm the district court's dismissal of the plaintiffs' public injunction request.

**AFFIRMED.**