NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE WALLACE, | No. 20-17498 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02768-JAM-DB |
| v. | |
| NATIONSTAR MORTGAGE LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |
| DENISE WALLACE, | No. 21-15026 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-02768-JAM-DB |
| v. | |
| NATIONSTAR MORTGAGE LLC, FKA Centex Home Equity Co. LLC, DBA Mr. Cooper; BANK OF NEW YORK MELLON, FKA The Bank of New York, as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for the Centex Home Equity Loan Trust 2006-A, | |
| Defendants-Appellants, | |
| and | |
| CENTEX HOME EQUITY, LLC; MORTGAGE LAW FIRM, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 6, 2021
Submission Withdrawn October 6, 2021
Resubmitted December 8, 2021
San Francisco, California

Before: HAWKINS, THOMAS, and FRIEDLAND, Circuit Judges.

Denise Wallace appeals the district court's grant of summary judgment in favor of Nationstar Mortgage LLC dba Mr. Cooper and Bank of New York Mellon ("Nationstar") on her breach of contract claim, and Nationstar cross-appeals the district court's grant of summary judgment in favor of Wallace on its fraud and unjust enrichment counterclaims. We have jurisdiction under 28 U.S.C. § 1291, and we review summary judgment rulings de novo. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). We affirm.

1.      Nationstar is entitled to summary judgment on Wallace's breach of contract claim based on the 2010 loan modification agreement. There was no meeting of the minds between the parties with respect to the principal balance of the loan or the duration of the fixed interest rate. *See Terry v. Conlan*, 33 Cal. Rptr. 3d 603, 613 (Cal. App. 2005) (noting that no enforceable contract exists where there is no meeting of the minds on material terms). Wallace fails to point to evidence in

the record that Nationstar knew she had lowered the principal balance by $200,000 and modified the terms of the agreement Nationstar had sent her, much less that it consented to these changes. Without agreement on these material terms, there was no valid contract modification between the parties and therefore no breach.

2.     Wallace is entitled to summary judgment on Nationstar's fraud and unjust enrichment counterclaims. Although she did not redline the changes she made to her version of the loan modification, she did label it "revised" and advise that Nationstar should "note any changes." The district court correctly concluded that this evidence prevents a finding that there was a misrepresentation for purposes of fraud, *see Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004), or injustice for purposes of unjust enrichment, *see Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).

**AFFIRMED.**